

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS FELIPE-BENITEZ, | Case No.:  3:26-cv-03645-RBM-SBC |
| Petitioner, | |
| v. | **ORDER GRANTING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |
| MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, et al., | **[Doc. 7]** |
| Respondents. | |

Pending before the Court is Petitioner Luis Felipe-Benitez's ("Petitioner") Amended Petition for Writ of Habeas Corpus ("Amended Petition") pursuant to 28 U.S.C. § 2241. (Doc. 7.)[1]  For the reasons set forth below, the Amended Petition is **GRANTED IN PART**.

## I. BACKGROUND

Petitioner, a citizen of Mexico, last entered the United States on or about September

---

[1]  *See* Fed. R. Civ. P. 15(a) ("A party may amend its pleading once as a matter of course no later than . . . 21 days after service of a responsive pleading. . . ."); *In re Morris*, 363 F.3d 891, 893 (9th Cir. 2004) ("Rule 15(a) applies to habeas corpus actions with the same force that it applies to garden-variety civil cases.").

1

3:26-cv-03645-RBM-SBC

3, 2009.  (Doc. 7 ¶ 1.)  Between 2007 and 2011, Petitioner was convicted of several misdemeanors.  (*See* Doc. 9-1, Ex. 1 at 5.)  On October 3, 2018, Petitioner was issued a Notice to Appear.  (Doc. 9-1, Ex. 1 at 4.)  Petitioner's immigration proceedings were later terminated and Petitioner "was allowed to remain in the U.S. with a work authorization SSN."  (*Id*.)  Petitioner later applied for an I-765 Employment Authorization Document and was denied on February 13, 2026.  (*Id*.)

On June 18, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents "conducted a warrantless arrest" of Petitioner as he was exiting the county jail in connection with a domestic battery misdemeanor charge.  (Doc. 9-1, Ex. 1 at 3; *see* Doc. 9 at 1; Doc. 7 ¶ 17.)

On June 22, 2026, Petitioner commenced this action by filing a Petition for Writ of Habeas Corpus ("Amended Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.)  Pursuant to this Court's Order (*see* Doc. 5), Respondents filed a Response to the Petition on June 30, 2026.  (Doc. 6.)  On July 21, 2026, Petitioner filed the instant Amended Petition.  (Doc. 7.)  Shortly thereafter, the Court issued a second Order to Show Cause and set a briefing schedule.  (Doc. 8.)  Respondents filed a Response to the Amended Petition on July 30, 2026.  (Doc. 9.)  As of the date of this Order, Petitioner has not filed an optional Reply.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

3:26-cv-03645-RBM-SBC

## III.    DISCUSSION

Petitioner claims his immigration detention violates 8 U.S.C. § 1226(a) and the Fifth Amendment's Due Process Clause.  (Doc. 1 ¶¶ 22–33.)  Respondents "acknowledge[ ] that Petitioner is subject to detention under 8 U.S.C. § 1226(a)" and contend that "a bond hearing is the appropriate remedy as Petitioner has a substantial criminal history and was detained after being charged with a domestic battery related offense."  (Doc. 9 at 1.)  As such, Respondents "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)."  (*Id*. at 2.)

In light of Respondents' non-opposition, and the Court's previous orders concerning similarly situated petitioners, the Court finds that Petitioner is detained under 8 U.S.C. § 1226(a) and his "arrest and detention without a meaningful bond hearing [therefore violated] the Due Process Clause."  *See N.A. v. LaRose*, No. 3:25-CV-03028-RBM-DEB, 2025 WL 3512412, at *5 (S.D. Cal. Dec. 8, 2025) (finding a petitioner who was not apprehended upon arrival and resided in the United States for 17 years was subject to § 1226's discretionary detention procedures and entitled to a bond hearing); *Rodriguez v. LaRose*, Case No.: 3:25-cv-02940-RBM-JLB, 2025 WL 3456475, at *5 (S.D. Cal. Dec. 2, 2025); *Silvestre-Mendoza v. Noem*, Case No.: 3:25-cv-03206-RBM DDL, 2025 WL 3512410, at *1 (S.D. Cal. Dec. 8, 2025).  While Petitioner seeks his immediate release (*see* Doc. 7 ¶ 4), the Court finds it appropriate to hold a bond hearing under § 1226(a) to determine the conditions of his potential release.  *See N.A.*, 2025 WL 3512412, at *5.

## IV.    CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED IN PART**.  To the extent that Petitioner requests to be released from custody, the Petition is **DENIED**.  Accordingly, the Court further **ORDERS** as follows:

1. The Government is **ORDERED** to provide the noncitizen with an individualized bond hearing under 8 U.S.C. § 1226(a) **within fourteen (14) days** of the entry of this Order, unless the noncitizen requests a continuance.

2. At the bond hearing, the non-citizen bears the burden of demonstrating, by a

preponderance of the evidence, that they are not a danger to the community or a flight risk. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

3. The Government **SHALL NOT** deny the noncitizen's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.

4. If the noncitizen does not request a continuance, and no hearing occurs within fourteen (14) days of the entry of this Order, the noncitizen shall be released from Respondents' custody.

5. The Government **SHALL FILE** a status report **on or before September 4, 2026** indicating whether and when Petitioner received a bond hearing and the results of such hearing.

6. The Clerk of the Court is **DIRECTED** to close this case.

**IT IS SO ORDERED**.

DATE:  August 14, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

4

3:26-cv-03645-RBM-SBC